Filed 7/24/15  P. v. McGraw CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062615 |
| v. | (Super.Ct.No. FVI1020024) |
| KEVIN GERALD MCGRAW, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Kevin Gerald McGraw filed two petitions for resentencing pursuant to Penal Code section 1170.126.[1]  The court denied the petitions. After defendant filed the notice of appeal, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue:  whether the court abused its discretion in denying defendant's petitions.  We affirm.

PROCEDURAL HISTORY

On November 2, 2005, a jury convicted defendant of attempted robbery (count 2; §§ 664/211).  After a bifurcated bench trial, the court found true allegations defendant had suffered two prior strike convictions.  (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d).)  The court sentenced defendant to an indeterminate term of incarceration of 25 years to life.

On May 5, 2014, defendant filed a petition for resentencing.  On October 15, 2014, defendant filed another petition for resentencing.  On November 25, 2014, the court denied defendant's petitions finding, "Defendant's current commitment offense is for attempt[ed] robbery [sections] 664/211[,] a serious felony making defendant ineligible for resentencing under [section] 1170.126."

---

[1]  All further statutory references are to the Penal Code.

## DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (§§ 1170.126, subd. (b) ["Any person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony . . . that [is] not defined as serious . . . by . . . subdivision (c) of Section 1170.12, may file a petition for a recall of sentence . . . ."]; 1192.7, subds. (c)(1)(19) ["robbery"] & (39) ["any attempt to commit a crime listed in this subdivision"].)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
   Acting P. J.


KING
   J.